Second case of the day, Hyson USA v. Hyson 2U, Ltd. Mr. Stromson? May it please the Court and Counsel, my name is John Stromson and I represent the appellants in this case, Lena Tansky, Hyson USA Inc., and Anna Gazarian. This appeal arises from a grant of a Rule 12b-6 motion to dismiss the plaintiff's Lanham Act claims for trademark infringement, false designation of origin, trademark dilution and cyber squatting. In granting the defendant's Rule 12b-6 motion, the District Court found that the plaintiff's factual allegations in their Lanham Act claims to be well pleaded. The Court then took those factual allegations as true for purposes of the motion, yet the Court then found those well pleaded claims to be implausible when the Court agreed with the defendant's motion that those same facts proved the affirmative defense of acquiescence. So taking plaintiff's allegations as true, with all reasonable inferences taken with those facts, as Rule 12b-6 requires, the Court found that it took those inferences in favor of the defendant's, and not to the plaintiff's, took those inferences in favor of the defendant's on their affirmative defense, arising allegedly from the plaintiff's own complaint. And as a result the District Court denied, found that the plaintiff's had acquiesced to the defendant's use of their marks, and that the plaintiff's were not entitled to any relief whatsoever, and granted the defendant's motion to dismiss. Now in our briefs we raise several points about how acquiescence and that type of affirmative defense may not be an appropriate one to be considered on a Rule 12b-6 motion to begin with. But even if it is, even if it is appropriate to be considered, the allegations of the complaint did not establish the elements of acquiescence. Those elements are the senior user actively represented, that it wouldn't assert a right or a claim on its mark, the delay between the act of representation and the assertion of the right or claim was not excusable, and that there was undue prejudice resulting to the defendant from that delay. There's certainly no active representation pleaded on the face of the complaint. I think this is at best implied acquiescence, or acquiescence by silence, or acquiescence by conduct, rather than words. I mean it's a sort of context, as I read the District Court's theory here, and the defense theory, it's an acquiescence by context as opposed to actual active affirmative representation, which is generally what the doctrine requires. Right. I agree. It seems to me to be an intentional relinquishment of the property interest. I agree with that, Your Honor, and in fact I think this shows the inferences that were made by the District Court in terms of the plaintiff's own allegations, inferences that weren't taken in favor of the plaintiffs, but in favor of the defendants, in inferring that there was some kind of, actually inferring the context. When that, in looking at other precedent that is considered these issues, acquiescence should be something that is dealt with in terms of the development of the factual circumstances surrounding the matter, and also the consideration of balancing the equities and interests of the parties and the public, too. Right. I mean, it's at least equally as plausible that the facts as pleaded make out a situation of an implied license for the duration of Tansky's employment with the new company, or at least that seems to me an equally plausible interpretation of the facts as pleaded in the complaint, which certainly doesn't foreclose a trademark infringement claim once he was fired. Agreed. Agreed. And we made those arguments in some detail in our briefs. Indeed, I mean, that is, that's something that is, something that even if acquiescence is considered, Mr. Tansky and Hyson USA could still prevail if this case were to go forward. On the inevitable confusion doctrine? On inevitable confusion? Simply the fact that this implied license, if we were given a chance to develop the evidence on this and to prove it, unlike relying simply on the face of a complaint and a reaction to the acquiescence argument by the defendants. Right. Even if the defense can prove acquiescence as an affirmative defense based on the evidence adduced at summary judgment or trial, the trademark owner has, or senior trademark user, which your clients would be, has the option or the entitlement to show inevitable confusion, which would recover the claim as against the junior user. That's correct. So, and that's not the sort of thing that can be determined on the pleadings, it seems to me. Absolutely not. It's a case that really calls out for factual development. And perhaps expert testimony. Perhaps. Perhaps. To compare the... Probably. I mean, they're using your marks, right? The very same ones, not just a knockoff mark, they're using the marks. And I think also in following up on that idea, there's nothing to suggest that the plaintiffs didn't retain the ownership of the marks. The Lanham Act sets forth strict requirements for transfer of ownership or assignment of ownership. That's not anywhere in our pleadings. That could also be a subject of discovery, I suppose, if that would be alleged, but it hasn't been. Nothing's been alleged except on the face of the complaint. Sure. And one other kind of point following up on that as well, not only with the implied license, but the district court's order where the court found that the plaintiffs lost the exclusivity of their use of their trademark as against the defendants, and I'm quoting now, though they may well have retained such exclusivity against all others, really runs counter to the Lanham Act's purposes here in this case. As Your Honor pointed out, they're using the same marks, but they're also, per our allegations, offering the same product lines, the same marketplaces, and again, under those same labels. I mean, this is a problematic result, because again, the likelihood and perhaps the near certainty that there would be marketplace confusion, which the Lanham Act was intended to present. Is your client's company a going concern? Yes. Is Heysen USA a going concern, the financial issues have been resolved? Yes. Okay. Yes. And they seek, I assume, a license agreement with the defendants, or to get the financial benefit of the trademark, or? Financial benefit, I would imagine an injunctive relief, as we requested in the district court, for continued use of the marks, and continued use of Heysen. And also with cybersquatting, a cessation of use of domain names that include Heysen USA, Heysen, and those matters. And that was an issue that I think the district court didn't really focus on. I mean, cybersquatting, not only is physically separate from a lot of the other sections of the Lanham Act, it includes a lot of other issues. I mean, bad faith, the inevitability of confusion, of course. But it also involves domain names, and names that are close to our party's names. And certainly Heysen USA had alleged that they had websites, and had used websites. So the district court really didn't take that into account, and didn't treat that in its acquiescence analysis, per se. But it was a different kind of claim that I think didn't get full consideration on the 12v6 motion. But just kind of doubling back to the issue of the retention of the ownership rights in Even if there would be a finding of acquiescence, the public interest of avoiding marketplace confusion is so strong, as the Lanham Act represents and case law represents. It also could allow for the revival of the claims by Heysen USA and Mr. Tansky. And that revival can result in a total injunction against the use of those marks. If the senior user, in this case Mr. Tansky or Heysen USA, can show inevitable confusion. Right, that's why I asked the question about what remedy you're seeking. And so you are seeking, even if the defense can show acquiescence, a revival of the claim for an injunction, a total injunction, based on inevitable confusion? Yes, if that's possible. I mean, again, it would depend on where the case would go once we were to get back to the district court. So that's really the sum and substance of the arguments in our briefs. Unless there are any further questions, I will stand down, but for the reasons that were set forth in the brief and in this argument, we would seek reversal of the district courts. Thank you, Mr. Stromson. Mr. McCullough? If it may please the court, counsel, let's get right to it. The question about acquiescence by context, that is not the case here. We're looking at a verified complaint by a plaintiff with factual statements. These are not allegations made in a general way by an attorney, and what he pled is that he actively transferred inventory to my clients, and I apologize, I jumped in too soon, Kevin McQuillan on behalf of the defendants, Appalese Heisen to you limited, Corollas Comensus gang from Corollas Comensus. So there was nothing, it's an active on his part. He actively seeks and gains employment with a company called Heisen to you limited. He knows what the name of the company is, and based on his pleadings, that company is formed, and then after that we have Hurricane Sandy, and he transfers goods from another place in New York to my client. He goes to work for him as a salesperson. Why is that course of conduct not equally plausibly an implied license for the duration of the employment, as opposed to an active representation that I'm acquiescing in your perpetual use of my trademark? Because he pled himself out of that also. His pleadings are clear. He pled that at no time did my client have any right to do this. He didn't make any allegations of an implied license. His pleadings are, at no time did they have the right to use the names, at no time did they have the right to sell the goods, they've been infringing from day one. That doesn't plead, by that allegation the plaintiff hasn't pleaded itself out of court. It's just a different theory of the case, but you don't have to plead theories of the case. No, but you have to plead facts that will stand up. The only facts that you can rely on here to support dismissal on an affirmative defense of acquiescence are the inventory transfer, the transfer of branded inventory, and the reverse employment situation, whereas Tansky used to be the boss, now he's the employee. He's profiting by doing that. He's profiting by selling these products for another company. Now he's coming in and saying they never had any right to do that. Right, and that establishes, perhaps, contextually acquiescence, but not necessarily. There are other interpretations of that course of conduct consistent with alternative trademark law explanations that would not result in the defeat of this claim. But that's not been proved. Acquiescence is an affirmative defense, it requires proofs, it requires interpretations of proofs and evidence and facts. There is, unless there is only one plausible interpretation, which is hard for me to see on this pleading, and then there's a doctrine under which the claim can be revived if there is inevitable confusion. Even if acquiescence can be proven as an affirmative defense, the claim can still be revived. Revival shouldn't be considered by this court. It was never raised in the court below. It wasn't, and they had, Judge Shader gave an opportunity, he read all the briefs on the motion to dismiss and he said, I'm looking at acquiescence. I want you to simultaneously submit to me additional briefs on that issue. Everybody knew what was coming. They never raised revival at all in the district court. That's been waived, that's gone. That should not even be considered by this court. The first time they made the revival argument was in their reply brief before this court. That was not before the court, there was no opportunity to deal with that, and it should not be dealt with by this court here. We come back to looking at their pleadings, and the issue in this is that they've now conceded that they can plead themselves out of court on a 12b-6. But what they're trying to say, oh wait, we want you to imply a license. They never once brought a Rule 15 motion before the district court saying we would like to amend our complaint and change our allegations from the defendants never had the right to do this to they only had the right to do it while we worked there, and then when I left they no longer had the right. They have a verified complaint, they decided to stick with those sworn facts, and that's what they're stuck with here. Ah, they also talk about inevitable confusion. They say we pled that. No, they pled a likelihood of confusion, and the case law is clear under the Coach House Restaurant case they cited themselves that the standard of confusion required for a finding of inevitability of confusion is an increment higher than that required for a finding of likelihood of confusion. Right, but the case law is equally clear that the plaintiff doesn't have to plead legal theories. All the plaintiff needs to do is to plead facts consistent with an entitlement to relief under the trademark laws, they've done that. Acquiescence is an affirmative defense, it's subject to limitations as to the scope of the remedy and potential revival of the claim, and none of those legal theories need to be pleaded in order to survive a motion to dismiss. Okay, but they need to be argued before the district court, and they weren't. Right, well acquiescence was argued. Acquiescence was argued. Acquiescence is hard to win on the pleadings because it's an affirmative defense, it's highly contextual, it requires specific proofs, including proof of active representation, and it seems to me that the facts that are alleged in this case are susceptible of plausible alternative interpretations, and if that's the case, you lose the motion and have to go back and engage in discovery and go to summary judgment. But our Supreme Court in the Seventh Circuit has been clear that when someone pleads themselves out of court, we shouldn't be responsible, required to respond. And when you keep saying implied, it can be implied for acquiescence, but in this case there were active acts. He transfers inventory to my client. He goes to work for my client and sells it. Right, but there were no active representations pleaded, and that's what the doctrine requires. And there may be some support for contextual acquiescence, but that's a little thin, at least as a doctrinal matter, and to win that argument on the pleadings is a very aggressive litigating stance. You might win it on summary judgment depending upon what all the facts show, and what we might find out in discovery about what was said among the parties, and then litigate it at summary judgment, but to do it at the pleading stage, it seems to me, is pushing the doctrine further than it can go, at least in this circuit. But we have a verified complaint, so now he's going to go back on his verified complaint and testify to something else in discovery and say, oh no, I didn't mean to swear that they never had the right to do this. Now I'm going to swear that they had the right to do it while I was employed there. He set himself up perfectly for this. Whether your clients had the right to do this is a legal conclusion. You don't swear to legal conclusions. The effect of the verification of the complaint is an issue you can litigate below at summary judgment, and whether he should be bound to factual assertions in the complaint as opposed to legal conclusions, that's a different matter. Again, the other point I was going to make on this, they're now asking the court to assume, quote, any consent by Kansky for such use would have been conditioned upon his employment, unquote. They realize they haven't pled this properly. They're asking you to make an assumption that there was an implied license. Why didn't they plead it? They pled just the opposite. I think Judge Schader in looking this, asking for the briefs with additional information on acquiescence, everybody had their shot at it. Now they're coming before this court and they want something different. They say, let's pretend we had allegations of implied license. Let's pretend we had consent. Let's say that we somehow had alleged the grounds to revival. I understand what your honor is saying, but this is the perfect case for dismissal on the pleadings. To go back and say, why should my client have to go back now on a verified complaint and litigate these issues that have been sworn to, there was nothing before the district court, no argument about revival. And to somehow say, well, the issue of acquiescence was there. The only arguments made before that court were that, oh, it's wrong for two people to have it. There's a likelihood of confusion. They had every opportunity to come back and say, we want leave to amend. We believe in this situation, confusion's inevitable, and they might have been able to deal with that at that point. They chose to stand on their complaint. That's what's before your honors to be considered, are the allegations in that complaint. Not a, like, oh, well, assume we did this or assume we did that. This is a different situation. This is not an interloper, someone that came in and said, oh, we're going to start doing this. This man knew everything. He went into it. He actively did it. And that is sufficient under the case law. Our Supreme Court says that you plead the stuff on the face of the pleadings, you're out. They had an opportunity to ask for leave to amend. They did not do that. But now yet they want to come before your honors here and say, well, we're really asking you for leave to amend by sending it back so we can try and clean this up. I don't believe that's appropriate. At this level, in terms of what type of relief they're seeking, I don't believe that's relevant at all at this level. The issue is what did they, this man and the president of this company, verify in the complaint? And I would urge your honors to take a look at that. That's what we're here on. Not new things that have come up in a reply brief before the appellate court. The cyber squatting, somehow they're trying to say, oh, this is different. This man went to work for a company called Hyson TU Limited. As a salesperson, he used the very websites and everything, and he is now trying to say, he's not now trying to say, if you look at his pleading, he's saying at no time did the sell these goods with these labels, to use this name, to use this website. That is not an implied license. He has pled himself out of that by trying to say that this never could have happened, yet he's pled that he sold these goods, that he made money doing it. He got commissions. He got salary. He got fired. All right. He's got a, whether or not he has a viable business is not an issue in this case. Judge Shader was correct in following on this, that in this situation, he's lost his right as to exclusivity as to my clients. Mr. McQuillian, what kind of business does your client have exclusive of the plaintiff's products? Oh, he sells many other types of products. He does. He does. I see. So this is just a small niche, and in fact, my client is phasing out that name and using a different name. So that's not, you know, my client's business does not depend on these products. For whatever reason, this is something this person is now trying to reach back, and in want to be paid, because he's claiming he didn't get all his payment and his commissions in the other accounts. Not only does he want to be paid for that, but I want damages because they misused what I was selling. That's not consistent with what the Lanham Act seeks to protect. Any other questions? Apparently not. Thank you, Mr. McQuillian. Mr. Stroud, sir? Perhaps you could reply to this argument your brother has made that you've, in effect, pleaded that his client at no time had a right to use these marks, and the effect of that on the acquiescence. Well, there was that. There was that argument made. The ownership rights remained with Mr. Tansky and with Heisen USA. That was, there was no assignment, there was no transfer. Mr. Stroud, did Judge Shader, as Mr. McQuillian suggests, give you an opportunity to amend below? No. No, Your Honor. You didn't seek it either? There was, we did request in a motion to reconsider that we be allowed to amend. At that point. Pardon me? And that was denied at that point? Yeah, the motion to reconsider was denied. The briefing counsel was referring to, Judge Shader did want us to have some supplemental briefs about the employment context. I don't think either party did very well with those because he wasn't happy with them. But, you know, I think it begs the question, with the motion to dismiss at 12B6 especially, we don't have to plead legal theories. And I think the defendant's argument, the appellee's argument, is that we were somehow supposed to anticipate acquiescence or other affirmative defenses. Maybe we could have if there was a limitations issue or official immunity or some other type of straightforward, you know, factual affirmative defense. This is a bit different. Well, did you reflect upon this request for both sides to submit additional pleadings as an invitation to amend? We did not. Personally, and speaking for myself, I thought he was looking for more legal authority related to this employment context vis-a-vis the Lanham Act. I didn't anticipate it in terms of acquiescence necessarily. Unless there's any other further questions, I'll stand down. All right. Thank you. Thank you very much. All right. Thanks to all counsel. The case is taken under